# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MAHMOUD ABDEL KHALEK, | CASE NO. 06CV2191 JM (BLM) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS SAN DIEGO TROLLEY, INC. AND SAN DIEGO METROPOLITAN TRANSIT DEVELOPMENT BOARD'S MOTION TO DISMISS** |
| vs. | |
| SAN DIEGO TROLLEY, INC., SAN DIEGO METROPOLITAN TRANSIT DEVELOPMENT BOARD, HERITAGE SECURITY dba TRANSIT SYSTEMS SECURITY, OFFICER ANDRE WATSON, OFFICER TYRONE COLMENERO, and Does 1-18, | [Docket No. 16] |
| Defendants. | |

This is a § 1983 action arising out of an altercation occurring on the San Diego Trolley between Plaintiff and municipal officers. Pending before the court is a Rule 12(b)(6) motion to dismiss the first and second causes of action, brought by defendants San Diego Trolley, Inc., and San Diego Metropolitan Transit Development Board (collectively the "Defendants"). Plaintiff opposes the motion. The court deemed the matter suitable for decision without oral argument pursuant to Local Civil Rule 7.1.d.1. After considering the parties' papers and the authorities cited therein, the motion is hereby **GRANTED IN PART** and **DENIED IN PART** for the following reasons.

I.  **BACKGROUND**

In his Second Amended Complaint ("SAC"), filed February 1, 2007, Plaintiff makes the following allegations of fact. On May 17, 2005, Plaintiff was riding the trolley in San Diego. When

1  the trolley stopped in the city of Chula Vista, two officers, Officer Andre Watson and Officer Tyrone
2  Colmenero, both named defendants in this action, arrived on scene and announced to passengers that
3  the trolley was out of order. When some of the passengers stood and began to exit, the officers told
4  these passengers to stay inside the trolley because it was not out of order for them. The officers then
5  made their way to Plaintiff, who was calmly sitting and waiting, and informed Plaintiff that the trolley
6  was out of order for him and directed Plaintiff to exit. Plaintiff attempted to exit the trolley, and a
7  physical altercation between the officers and Plaintiff ensued. One of the officers sprayed Plaintiff
8  with pepper spray. Plaintiff was thereafter handcuffed and put into a transit patrol vehicle. When
9  Plaintiff complained that the handcuffs were causing him pain and requested that they be loosened,
10 the officers refused and one of them put his hand on Plaintiff's throat, causing further pain to Plaintiff.
11 Eventually, Chula Vista police officers arrived and removed Plaintiff from the transit patrol car, took
12 off his handcuffs, and ordered Plaintiff to appear in court. Plaintiff was subsequently charged with
13 battery on a peace officer and resisting arrest. The charges were dismissed on January 17, 2006.

14 This action followed. The present motion attacks the sufficiency of the allegations with
15 respect to the following two claims.[1] First, Plaintiff alleges an excessive force claim arising under §
16 1983 and the Fourth Amendment's prohibition against unreasonable searches and seizures. For this
17 claim, Plaintiff requests exemplary and punitive damages. Second, Plaintiff alleges that Defendants
18 further violated his constitutional rights by having "unlawful policies, customs and habits of improper
19 and inadequate hiring, training, retention, discipline and supervision of its security officers, including
20 the individual Defendants named herein, legally causing the constitutional deprivations, injuries and
21 damages alleged in the [excessive force claim]." Comp. ¶ 20.

22 **II.    STANDARD OF REVIEW**

23 On a motion to dismiss, the court treats the well-pleaded allegations as true and construes them
24 in favor of the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 422-22 (1969). A Rule 12(b)(6) motion
25 is properly granted when the complaint is not based on cognizable legal theory or when the complaint
26 fails to allege sufficient facts under a cognizable legal theory. Balisteri v. Pacifica Police Dep't, 901

---

[1] Plaintiff alleges a total of six claims. Only the two federal claims are at issue here. The other supplemental state claims are for battery, negligence, negligent hiring, training and supervision, and violation of California Civil Code § 52.1.

1  F.2d 696, 699 (9th Cir. 1990). Plaintiff's claims shall not be dismissed "for failure to state a claim
2  unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
3  would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**III.    DISCUSSION**

   **A.    Excessive Force Claim**

A municipality cannot be held liable under § 1983 under a respondeat superior theory. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Additionally, municipalities enjoy absolute immunity from punitive damages in § 1983 actions. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Plaintiff concedes both of these points. Oppo. at 2. Therefore, the first claim is dismissed with prejudice as against Defendants.

   **B.    Unlawful Policies and Customs Claim**

Defendants argue that Plaintiff has failed to adequately plead a § 1983 claim on an unlawful policy and custom theory because the SAC makes only conclusory allegations that fail to "show a clear link between the constitutional violation in question and the custom, policy or practice that purportedly resulted in the violation". Mot. at 6. To the extent Defendants argue that § 1983 claims against municipalities are subject to heightened pleading standards above Rule 8(a)'s requirement of a short and plain statement, they are incorrect. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); FED. R. CIV. P. 8(a)(2). Plaintiff is not required to plead detailed facts forming the basis of his claim, but must only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests". Conley, 355 U.S. at 47; Leatherman, 507 U.S. at 168 (citing Conley). The court agrees with Plaintiff that the complaint satisfies the Rule 8(a) and Leatherman standards because it is clear from the face of the complaint that Plaintiff seeks to hold Defendants liable under § 1983 on an unlawful policy or custom theory for any injuries arising out of the trolley incident. Comp. ¶¶ 3, 20.

Defendants argue that the allegations here are deficient under Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In Ivey, the plaintiff was a teacher who sued his former employer under § 1983, alleging that his employer, a municipality, had a policy and custom

of racially segregating employment, attendance, and instruction within its school system. The Ninth Circuit affirmed the district court's order granting defendant municipalities' motion to dismiss for failure to state a claim. Noting the rule that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss", the Ninth Circuit found that plaintiff had not alleged any connection between the alleged deprivation of his constitutional rights and the municipality's participation in the alleged discriminatory practice. Id. at 268. The general allegation that defendants had provided financial support to the schools was insufficient to state a claim; the complaint must allege defendants' specific actions, practices, or policies in order to survive dismissal. Id.

Putting aside whether the holding in Ivey, a case decided in 1982, survives the Supreme Court's 1993 decision in Leatherman, Ivey is distinguishable. Here, Plaintiff alleges that Defendants actually developed and implemented unlawful policies and customs, policies and customs that allegedly resulted in Plaintiff being deprived of his Fourth Amendment right to be free from unreasonable searches and seizures. Comp. ¶ 20. By contrast, the allegations in Ivey merely showed that defendants funded other entities which were the actual policymakers and practitioners of the complained-of policy or custom. Ivey, 673 F.2d at 268. Therefore, the link between Defendants' conduct and the alleged injury is not attenuated here as it was in Ivey, and thus that decision does not control.

Defendants next argue, under City of Canton v. Harris, 489 U.S. 378, 385 (1989), that failure to train may be sufficient to be actionable under § 1983 actions, but that Plaintiff must also allege that Defendants were deliberately indifferent to Plaintiffs' rights. Therefore, Defendants conclude, without this allegation Plaintiff has failed to state a Monell claim. City of Canton, however, does not support Defendants' argument. In that case, the Supreme Court addressed the plaintiff's burden of proof on the merits when seeking to hold a municipality liable under § 1983 for failure to train. The Court held that a municipality is not liable unless it deliberately or consciously chose not to train its employees. Id. at 389. Here, Defendants are only attacking the sufficiency of the pleadings. It would be a wasteful formality, not supported by the Federal Rules' notice pleading standards, to require Plaintiff to further amend his complaint to allege that Defendants acted with deliberate indifference. Cf.

Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988)("[A] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.") (quoting Shah v. County of Los Angeles, 797 F.2d 743, 747 (9th Cir. 1986)) (internal quotations omitted).

For these reasons, the motion is denied with respect to the second claim alleging municipal liability on the basis of unlawful policies, practices, or customs.

## IV.   CONCLUSION

The motion is **GRANTED IN PART** and **DENIED IN PART** as set forth above. The first claim for relief, Comp. ¶¶ 15-18, is dismissed with prejudice as to Defendants.

**IT IS SO ORDERED.**

DATED: May 7, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties