UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOUD ABDEL KHALEK,<br><br>        Plaintiff,<br>v.<br><br>SAN DIEGO TROLLEY, INC., et al.,<br><br>        Defendants. | Case No. 06cv2191-JM (BLM)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>[Docs. No. 42 & 43-3] |

On September 19, 2007, Defendants in the above-entitled action filed a Motion to Compel Discovery. Doc. No. 42. This motion requests that the Court compel Plaintiff's response to outstanding discovery requests and, in the alternative, issue terminating sanctions, thereby dismissing Plaintiff's complaint in its entirety. Id. In support of both requests, Defendants cite Plaintiff's repeated failures to comply with both court orders and the Rules of Civil Procedure, particularly regarding discovery obligations. Docs. No. 42 & 43-3. Plaintiff does not oppose either aspect of Defendants' motion.

Plaintiff has indeed totally forsaken his role as a litigant. He has yet to respond to a single discovery request or obey a single order to appear. On July 16, 2007, Defendants served Plaintiff's counsel with a set of twenty-five special interrogatories concerning Plaintiff, the

incident upon which Plaintiff bases his claims, and his alleged injuries. Doc. No. 43-3, Exhibit A. This was not answered. On the same day, Plaintiff's counsel was served with a Request for Production of Documents, including medical records, which is also outstanding. Doc. No. 43-2, Exhibit B. This request was preceded by a June 18, 2007 Rule 34 Request for Production of Documents, which also remains unanswered. Doc. No. 42, p. 3.

On August 27, 2007, Plaintiff's counsel advised Defendants' counsel that he had been unable to respond to the discovery requests because his client is homeless, and had been out of contact since June 2007. Doc. No. 43-3, p.2. Plaintiff's counsel also informed the Court that Plaintiff does not have a telephone, and that counsel must therefore wait for his client to contact him.

Rule 26 of the Federal Rules of Civil Procedure permits a party to "obtain discovery regarding any matter ... that is relevant to the claim or defense of any party ..." Here, Defendants' discovery requests concern Plaintiff and the circumstances and aftermath of the incident upon which Plaintiff bases his claims. Defendant submitted interrogatories regarding, among other things, Plaintiff's alleged injuries and insurance coverage, as well as requested production of medical bills and documents relating to communications between Plaintiff and Defendants. Doc. No. 43-3, pp. 2-9, 4-5.

Under Rule 26, these requests are clearly "relevant" to Defendant's defense, and Plaintiff's failure to respond substantially impairs Defendants' ability to prepare for trial. Without the benefit of the requested interrogatories or documents, Defendants are unable to build their case and rebut Plaintiff's claims, despite diligent efforts to do so.

In light of the above facts, Defendants' motion is hereby **GRANTED** in part and the Court issues the following orders.

1. Plaintiff must answer Defendants' June 18, 2007 Request for Production of Documents, as well as the July 18, 2007 Special Interrogatories to Plaintiff (set no. one) and Request for Production of Documents to Plaintiff (set. no. one). Plaintiff shall respond to these requests on or before **October 30, 2007**. Defendants shall file a declaration on or before **November 1, 2007** indicating whether or not Plaintiff responded.

2. Defendants' request for terminating sanctions remains under submission. However, when a party is ordered to produce discovery pursuant to a motion to compel, and that party fails to provide the required discovery, the court may impose sanctions, including "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). Plaintiff is therefore warned that if he fails to answer Defendants' discovery requests as required by this Order, **the Court likely will recommend that the case be terminated for failure to comply with discovery obligations and court orders**.

///
///
///
///
///
///
///
///
///

3. As Plaintiff's inaction renders further proceedings futile, all pending dates not established by this Order, including those set by the Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings, Doc. No. 33, are hereby **VACATED**. If Plaintiff complies with his discovery obligations, these dates may be reinstated as necessary.

**IT IS SO ORDERED**

DATED: October 18, 2007

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE JEFFREY T. MILLER
U.S. DISTRICT JUDGE

ALL COUNSEL